**WES–FLO INC., Plaintiff,**

v.

**WILSON FREIGHT COMPANY, et al., Defendant.**

**In the Matter WILSON FREIGHT COMPANY, Debtor.**

Adv. No. 3–81–0445.
Bankruptcy No. 80–B–11129BL.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Sept. 25, 1981.

Thomas H. Busch, Springfield, Ohio, for plaintiff.

Mark H. Berliant, Cincinnati, Ohio, for debtor/defendant.

Parks & Parks, Ashland, Neb., for

CHARLES A. ANDERSON, Bankruptcy Judge.

■ This matter is before the court upon an application for change of venue to the United States Bankruptcy Court for the Southern District of New York pursuant to a decision and order entered herein on 5 August 1981. 13 B.R. 617. It was there determined that "... even though the case [in the state court] has been properly removed to the court of the district wherein originally filed [S.D.Ohio], the automatic stay of the original court [S.D.New York] remains in effect as to the parties pending determination of the venue question.... The stay remains unaltered, except as to the statutory right to removal." This Court does not violate the stay order by granting a change of venue to the court which has jurisdiction over both the estate and stay order.

■ We are now constrained to concur with the attorney for Debtor-Defendant that in the interest of sound administration of the case venue properly should be transferred to the Southern District of New York conformably to 28 U.S.C. § 1475.

That Court not only has exclusive jurisdiction over all property of the debtor; but, also, the public auction giving rise to Wes-Flo's complaint filed in the state court was ordered by the Bankruptcy Court for the Southern District of New York. As previously determined, neither corporate litigant is an Ohio corporation. No local interest exists which dictates that the dispute should be litigated in the Southern District of Ohio. Various transactions involving administration of assets located in numerous of the United States are already subject to the primary jurisdiction and control of the Southern District of New York court. To cause the debtor to litigate disputes arising from disposition of its property in Ohio or other states in which such disposition occurs would impose upon the debtor's estate an unnecessary and inordiante financial hardship to the detriment of all interested parties, and as has been urged, "thwart efficient and inexpensive administration of the estate." The change of venue should, therefore, be granted.