**Evelyn RAFF and B. Senter Co.**

v.

**Julius GORDON, Ind. & t/a Julius Gordon Enterprises and Julius Gordon & Company, Inc.**

Civ. A. No. 85–5540.

United States District Court, E.D. Pennsylvania.

March 3, 1986.

---

Hal A. Barrow, Philadelphia, Pa., for plaintiffs.

Drew Salaman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

This case presents the question of whether the defendant Julius Gordon (Gordon), who is a debtor in bankruptcy, may transfer these civil proceedings to the bankruptcy court.

In this diversity action, the plaintiffs, Evelyn Raff and B. Sentor Co., filed an eight count complaint against the defendants, Julius Gordon and Julius Gordon & Co., Inc. The claims against the defendants arose out of contracts entered into between Raff and Julius Gordon & Co., Inc., a corporation in the business of auctioneering, in which the defendants allegedly agreed to conduct an auction of the plaintiffs' property. Mr. Gordon allegedly acted on behalf of the defendant corporation. The defendants make a counterclaim based upon the contracts. The contracts which the parties entered into were dated June 22, 1984. The plaintiffs' complaint was filed in September of 1985. Gordon

filed a Chapter 11 petition in bankruptcy in February of 1984.[1]

Defendant Gordon now moves this court to transfer these proceedings to the bankruptcy court or, in the alternative, to sever the cause of action and transfer the proceedings regarding him to the bankruptcy court. The defendant Gordon argues that the administration of his estate would be expedited by the transfer and, if the plaintiff is successful, the post-petition claims may be entitled to administrative priority upon distribution pursuant to the Bankruptcy Code, 11 U.S.C. § 507(b).

The plaintiffs argue that this motion is procedurally untimely under Bankruptcy Rule 9027[2] and, in any event, transferring the cause would be an inefficient use of judicial resources because the cause of action against the corporate defendant would remain in this court.

■ The defendant's motion to remove this case raises both procedural and substantive issues. I will first address the procedural matters. Pursuant to Bankruptcy Rule 9027 a timely application for removal must be filed in the bankruptcy court. Once a timely request is made in the bankruptcy court and a copy of the application is filed in the district court,

removal is automatic. *In re Philadelphia Gold Corp.*, 56 B.R. 87, 90 (Bkrtcy.E.D.Pa. 1985) (Goldhaber, C.J.) (bankruptcy court resolved motion of removal from federal court to bankruptcy court using Rule 9027). A motion for remand may then be made by the party seeking to have case returned to the original court. *Id.*

■ In this case, I find that there was a timely request for removal. Bankruptcy Rule 9027(a)(3) requires that a request for removal be made within the shorter of thirty days of receipt of the initial pleadings or summons. The record indicates that service was accepted on October 3, 1985; hence, the time period for removal would have expired on November 3, 1985. However, by Order dated October 30, 1985, I expanded the time period in which the parties could file "any motion to sever for current reasons" until November 30, 1985. An expansion of time is authorized under the Rules. See Bankruptcy Rule 9006(b). *See also Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n. 17 (3d Cir.1984) (noting that the court may grant extensions in which to file an application for removal). The defendant's motion was timely made in accordance with my Order.

---

1. The automatic stay provision of the Bankruptcy Act, 11 U.S.C. § 362 was not triggered here because the debtor Gordon had filed a petition in bankruptcy prior to entering into the contracts which gave rise to the instant action. *Cf. Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 999 (N.D.Ga.1983) ("The plain language of [11 U.S.C. § 362(a)(1)] ... makes clear that it encompasses only proceedings which were instituted or could have been instituted before the petition in bankruptcy was filed. It neither expressly nor implicitly prohibits causes of action which arise after the petition in bankruptcy is filed.") *aff'd* 742 F.2d 1465 (11th Cir.1984).

2. Rule 9027 provided in part:
   **(a) Application**
   **(1) Where filed; form and content.** An application for removal shall be filed in the bankruptcy court for the district and division within which is located the state or federal court where the civil action is pending. The application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.
   \* \* \* \* \* \*

**(3) Time for filing; civil action initiated after commencement of the case under the Code.** If a case under the Code is pending when a claim or cause of action is asserted in a court other than a bankruptcy court, *an application for removal may be filed in the bankruptcy court only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.*
\* \* \* \* \* \*

**(d) Filing in non-bankruptcy court.** Removal of the claim or cause of action is effected on the filing of a copy of the removal application with the clerk of the court from which the claim or cause of action is removed. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.
(emphasis added).

Even though the motion was timely, there is an issue as to whether the motion was properly made. Rule 9027 requires that an application for removal be filed in the bankruptcy court, not the district court. This Rule was enacted to effectuate the removal provision under the Judicial Code, 28 U.S.C. § 1478(a).[3] In the aftermath of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Section 1478(a) was effectively repealed and, in its place, Section 1452[4] was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. While Section 1478(a) provided for the removal of state or federal court proceedings to the bankruptcy court, Section 1452(a) provides only for removal to the district court. Hence, it can be concluded that Rule 9027, as it is now written, does not govern when the court of origin is a federal court. *See Helena Chemical Co. v. Manley*, 47 B.R. 72, 75 (Bankry.N.D.Miss.1985) (finding Rule 9027 "unworkable"). *See also* King, Collier on Bankruptcy 973.01[f] (15th ed. 1985) (calling for the redrafting of Rule 9027); Pro-

posed Bankruptcy Rule 9027 (providing that an application for removal be made in the district court).

Given Section 1452, I conclude that notwithstanding the provisions in Rule 9027, this court may determine whether removal is proper.[5]

■ Turning to the substantive question of whether removal is proper in this case, I conclude that the defendant's motion must be denied. Regarding the defendant corporation, it is questionable whether the bankruptcy court would have jurisdiction over this party, a nondebtor in this case. *See* 28 U.S.C.A. § 157(c)(2) (the bankruptcy court may hear unrelated claims if the consent of the parties is obtained). Secondly, I note that the plaintiffs have requested a jury trial in this matter. Whether a jury trial may be held in bankruptcy court is hardly a settled matter. *See* King, *Jurisdiction and Procedures Under the Bankruptcy Amendments of 1984*, 38 Vand.L.Rev. 675, 702–708 (1985). Accordingly, I conclude that removing the cause concerning the defendant corporation would be improper.

**3.** 28 U.S.C. § 1478(a) provided:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such governmental unit's police or regulatory power, to the *bankruptcy court* for the district where such civil action is pending, if the *bankruptcy courts* have jurisdiction over such claim or cause of action.

(emphasis added).

**4.** Section 1452 provides in part:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, *to the district court* for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(emphasis added).

**5.** I do not put into question the power of this court to determine whether removal is proper; the power of the district court in bankruptcy matters is beyond dispute. Rather, I note that the Judicial Code permits the bankruptcy court to hear both core and non-core proceedings,

and, in the latter situation, to submit proposed findings to the district court. 28 U.S.C.A. § 157. *See Hanna v. Philadelphia Asbestos Co.*, 743 F.2d 996, 1000–1001 (3d Cir.1984) (where a removal application involving a non-core matter was brought before the bankruptcy court, the district court "reviewed" the "recommendations" of the bankruptcy court and entered orders). The problem which this case raises is whether a petition for removal should be filed and decided in the district court or in the bankruptcy court. On the one hand, a literal reading of Section 1452 implies that such petitions should be filed and decided in the district court. *Cf. Pacor, Inc. v. Higgins*, 743 F.2d 984, 991, n. 12 (3d Cir.1984). On the other hand, by Order of Chief Judge Luongo, all matters related to a bankruptcy case, which may include removal petitions, are automatically referred to the bankruptcy court. *See* Order of Chief Judge Alfred L. Luongo, District Court, Eastern District of Pennsylvania, July 25, 1984. I believe that in the interests of administration, a removal petition should ordinarily be filed and decided in the bankruptcy court (subject to review or adoption of proposed findings by the district court). However, because case law, Title 11, the Bankruptcy Rules, and the Local Rules of the Eastern District leave this question unsettled, and because I find it would be both fair and efficient to the parties, I will decide this matter.

Contrary to the defendant's assertion, I don't see how the transfer of the cause against the defendant debtor could be expeditious. The plaintiffs make numerous claims arising out of the transactions pursuant to the contracts against both of the defendants. The allegations made against the defendant debtor relate to his actions made on behalf of the defendant corporation. To try the plaintiffs' claims against the defendant debtor in the bankruptcy court while a concurrent suit against the defendant corporation is being litigated in this court seems to be both inefficient and unfair. Further, if removal of the defendant debtor's cause is granted, I cannot see how the transfer from this court to the bankruptcy court and possibly back here again is beneficial to any of the parties or to the courts. Accordingly, the defendant's motion to sever this case and transfer the proceedings involving defendant Gordon to the bankruptcy court is denied.