In re **WORLD FINANCIAL SERVICES CENTER, INC.,** a California corporation, dba **World Financial Systems, Bargain Furniture** and **Bargain Furnishings, Appliances & Electronics, Debtor.**

Bankruptcy No. 84–04452–H7.

United States Bankruptcy Court, S.D. California.

Dec. 16, 1987.

Victor A. Vilaplana, Paul S. Avilla, Sheppard, Mullin, Richter & Hampton, San Diego, Cal., for trustee.

Michael Gerard Fletcher, Dana M. Perlman, Frandzel & Share, Irvine, Cal., for respondent.

Harold Taxel, La Jolla, Cal., Trustee.

JOHN J. HARGROVE, Bankruptcy Judge.

## I.

At issue is the application of the trustee, Harold Taxel ("trustee"), for removal of this matter from the California Superior Court to the bankruptcy court. This matter was taken under submission and additional briefing requested on the issue of whether the bankruptcy court has jurisdiction to enlarge the filing period of Bankr.R. 9027(a)(3) for an application for removal, pursuant to Bankr.R. 9006(b).

The trustee contends that the period for filing an application for removal under 28 U.S.C. § 1452, is governed by Bankr.R. 9027(a)(3), and can be enlarged pursuant to Bankr.R. 9006(b).

Respondent Commerce Bank ("Bank") argues that the Bankr.R. 9027(a)(3) filing period is inapplicable to a removal action under § 1452, or in the alternative, must be read as *in pari materia* with 28 U.S.C. § 1446, which is jurisdictional and clearly cannot be enlarged.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and § 157(b)(2)(A) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

This court concludes that Bankr.R. 9027(a)(3) is applicable to the instant adversary proceeding and that the time period for the filing of an application for removal can be enlarged pursuant to Bankr.R. 9006(b). However, this court also concludes that abstention is warranted herein, for the reasons set forth below.

## II.

## FACTS

Subsequent to this court's decision in *In re World Financial Services Center, Inc.*, 64 B.R. 980 (Bankr.S.D.Cal.1986),[1] the trustee filed a complaint against the Bank in the Superior Court of California, County of Orange, Case No. 50–90–63, entitled *Harold S. Taxel, Trustee in Bankruptcy v. Commerce Bank, a California corporation.* On March 27, 1987, the Bank served its cross-complaint against, among others, Harold Taxel, both in his individual capacity and as Chapter 7 trustee for the debtor.

The Bank was initially asked for an extension of time to answer the cross-complaint by the firm of Gendel, Raskoff, Shapiro & Quittner ("Gendel, Raskoff"), the trustee's former counsel. The Bank granted the extension and, subsequently, received a proposed settlement offer from Gendel, Raskoff. Shortly before the expiration of the first extension, the Bank granted a second period of extension. Shortly thereafter, the Bank refused the proposed offer of settlement, but apparently negotiations continued and the Bank granted a third extension. Sometime after June 30, 1987, Sheppard, Mullin, Richter & Hampton ("Sheppard, Mullin") substituted as counsel of record for the trustee and the Bank granted a fourth extension of time. Thereafter, trustee, through Sheppard, Mullin, filed the instant application for removal to the bankruptcy court.

At the hearing on the application for removal, this court found that excusable neglect did exist for the trustee's failure to timely file an application for removal or seek enlargement of the time period for filing an application for removal, pursuant to Bankr.R. 9006(b)(1). The court based this finding on the parties continued settlement negotiations and the trustee's substitution of counsel. The court took this matter under submission to determine whether the bankruptcy court had jurisdiction to enlarge the filing period under Bankr.R. 9027(a)(3) for an application for removal, pursuant to Bankr.R. 9006(b).

## III.

## DISCUSSION

■ Removal of claims related to bankruptcy cases is accomplished pursuant to 28 U.S.C. § 1452(a). Section 1452(a) provides:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding under the United States Tax Court or a civil action by a government unit to enforce such governmental units police or regulatory power, to the district court to the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title.

Section 1452(a) does not provide a time limit governing the period in which an application for removal may (or must) be filed.

Prior to § 1452 becoming effective on July 10, 1984, removal to the bankruptcy court was governed by 28 U.S.C. § 1478(a). Section 1478(a) provided:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental units police or regulatory power, *to the bankruptcy court for the district where such civil action is pending if the bankruptcy courts have jurisdiction over such claim or cause of action* (emphasis added).

Prior to the adoption of the 1983 Bankruptcy Rules, an application for removal to the bankruptcy court was governed in many jurisdictions by Interim Rule 7004. Interim Rule 7004(a)(2) promulgated the

---

**1.** In the prior matter, this court held that "the interpretation of California Commercial Code § 3405, the application of the "imposter rule" and the standard commercial reasonableness in the banking industry must be analyzed. Therefore, this court [abstained] in the interest of allowing the state court to interpret [state law as it applies to the underlying dispute at issue]." *In re World Financial Services Center, Inc.*, 64 B.R. at 989.

time for filing an application for removal as follows:

The application for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

The implementation of Interim Rule 7004(a)(2) brought with it the question of whether or not the thirty day time limit for filing an application for removal also limited the jurisdiction of the bankruptcy court. The cases on this issue can be broken down into two groups, those which held that the time period for filing an application for removal was discretionary and therefore could be enlarged pursuant to former Bankr.R. 906 (*In re Circle Litho, Inc.*, 12 B.R. 752 (Bankr.D.Conn.1981); *In re Airport Marina, Inc.*, 31 B.R. 699 (Bankr.S.D. Fla.1983); *Jones v. ITT Technical Institute*, 38 B.R. 968 (Bankr.S.D.Ohio 1984)) and those which held that Interim Rule 7004(a)(2) was *in pari materia* with 28 U.S.C. § 1446(b), and therefore mandatory and not subject to enlargement. (*In re McCallum*, 7 B.R. 76 (Bankr.C.D.Cal.1980); *In re Alton Telegraph Publishing Co.*, 15 B.R. 367 (Bankr.S.D.Ill.1981); *In re Zellner*, 22 B.R. 801 (Bankr.N.D.Ohio 1982)).

Prior to definitive resolution, the question was rendered moot by the Supreme Court's implementation of Bankr.R. 9027, pursuant to its Bankruptcy Rule making powers under 28 U.S.C. § 2075, in April of 1983. The new Rule was intended to govern the procedure for removal.

Bankr.R. 9027 was intended, *inter alia* to provide a filing period by which § 1478 would be governed. However, in July of 1984, in the wake of the Supreme Court's *Marathon*[2] decision, § 1452 became the new removal statute and § 1478 was repealed, once again causing uncertainty as to whether the thirty day time limit in Bankr.R. 9027 was jurisdictional.

During the one year interval between the adoption of Bankr.R. 9027 and the repeal of § 1478, only one court appears to have addressed the issue of whether Bankr.R. 9006 (the successor to former Bankr. R. 906) allowed the court to enlarge the period for filing an application for removal under § 1478. *In Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984), the Third Circuit, in a footnote stated that:

17. Neither party has raised the issue passed upon by the bankruptcy court, i.e., whether the time limit for removal can be extended by court order under the Interim Rules. For our purposes, therefore, it is sufficient to note that the time limit of an Interim Rule is clearly not jurisdictional (citations omitted). . . . [u]nder the new Rules of Bankruptcy Procedure, it is clear that the court may grant such an extension. Bankr.R. 9006(b).

743 F.2d at 996, n. 17.

With the implementation of § 1452 on July 10, 1984, came the problem that Bankr.R. 9027 was not specifically adopted to create a filing period for a removal application under § 1452, but was instead adopted to address the filing period under § 1478. Once again, the debate arose as to the applicability of the Bankruptcy Rule limiting the filing of removal applications, now Bankr.R. 9027, and the impact of 28 U.S.C. § 1446(b)[3] on the current removal scheme.

**2.** *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

**3.** Section 1446 states in pertinent part:
 (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.
 (b) The petition for removal of a civil action or proceeding shall be filed within thirty days

A key case dealing with the conflicting language in Bankr.R. 9027 and § 1452 was *In re Philadelphia Gold Corp.*, 56 B.R. 87 (Bankr.E.D.Pa.1985). The court in *Philadelphia Gold*, in attempting to harmonize Bankr.R. 9027 and newly enacted § 1452, provided the following analysis.

Under the Bankruptcy Act of 1898 ("the 1898 Act") the jurisdiction of the bankruptcy court was derived solely through the district court. 28 U.S.C. § 1334 (1976) (repealed). This differed from the structure established by the 1978 Act by which bankruptcy courts were created as entities separate and independent of the United States District Courts. The bankruptcy courts were directly vested by Congress with all the requisite jurisdiction to execute their specified tasks. 28 U.S.C. § 1471 (1982) (repealed). Nonetheless, the breadth of the jurisdiction directly vested in the bankruptcy courts under the 1978 Act was found unconstitutionally broad by the Supreme Court. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed. 2d 598 (1982). Congress eventually revamped the jurisdictional scheme to correct the deficiency in the 1984 Act. Harkening back to the 1898 Act, the jurisdiction accorded the bankruptcy courts is again derived through the district courts. 28 U.S.C.A. §§ 1334, 157 and 158 (West 1985 Supp.). The bankruptcy court has been stripped of its status as an independent court and designated as "a unit of the district court to be known as the bankruptcy court...." 28 U.S.C. § 151 (West 1985 Supp.). The upshot of of this is that while Chapter 90 of Title 28 of the United States Code, dealing *inter alia* with venue, *removal* [emphasis original] and jury trials, under the 1978 Act, spoke of "the bankruptcy court," the substance of this Chapter was repealed by the 1984 Act and replaced by Chapter 87 of Title 28 of the United States Code, which Chapter speaks of "the district court" rather than "the bankruptcy court." Nonetheless the reference to the district court in Chapter 87 of the 1984 Act is deemed to denote the bankruptcy court when read in light of the referral provisions under 28 U.S.C. § 157 (West 1985 Supp.) Thus, the replacement by the 1984 Act of the term "bankruptcy court" in 28 U.S.C. § 1478 of the 1978 Act with the expression "district court" in 28 U.S.C. § 1452 (West 1985 Supp.) effected no substantive change. *Ergo*, a civil action pending in the district court may be removed to the bankruptcy court by the filing of a timely application for removal under 28 U.S.C. § 1452 (West 1985 Supp.).

Bankruptcy Rule 9027 governs the procedure for removal. The timely filing of an application for removal with the bankruptcy court, plus the filing of a copy of the removal application with the clerk of the court from which the action is removed, effects removal automatically, without the need for a court order.

*Philadelphia Gold*, 56 B.R. at 89–90.

The analysis in *Philadelphia Gold* was extended by the court in *Raff v. Gordon*, 58 B.R. 988 (E.D.Pa.1986), which combined the Third Circuit's footnote in *Pacor, Inc. v. Higgins*, with the *Philadelphia Gold* analysis. In *Raff*, the district court "expanded the time in which the parties could file 'any motion to sever for current reasons,'" to a period beyond thirty days. 58 B.R. at 990. Judge Kelly justified his actions by finding that:

[P]ursuant to Bankruptcy Rule 9027 a timely application for removal must be filed in the bankruptcy court. Once a timely request is made in the bankruptcy court and a copy of the application is filed in the district court, removal is automatic (citation omitted).

. . . .

... Bankruptcy Rule 9027(a)(3) requires that a request for removal be made with-

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service

of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

in the shorter of thirty days of receipt of the initial pleadings or summons.... An expansion of time is authorized under the Rules. See Bankruptcy Rule 9006(b). See also *Pacor, Inc. v. Higgins,* 743 F.2d 984, 996 n. 17 (3d Cir.1984) (noting that the court may grant extensions in which to file an application for removal).

58 B.R. at 990.

In addressing similar issues with regard to Rule 9027(a)(2) the bankruptcy court in *In re Eagle Bend Development,* 61 B.R. 451 (Bankr.W.D.La.1986) stated that:

[t]he issue before the court in the case at bar is section [sic] 9027(a)(2) which involves different time periods than those provided in § 1446. Nevertheless, this court is persuaded by [*Philadelphia Gold's*] analysis and refuses to make the conclusion as apparently made in *Chart House* that Congress somehow or other overlooked the problem in section [sic] 9027 and that this court should deem that section [sic] 9027(a)(2) has been overruled by the enactment of 28 U.S.C. § 1452. Nowhere in the legislative history is there that indication. *Chart House* states no authority, nor does *In re Helena Chemical Corporation,* 47 B.R. 72 (N.D.Miss.1985).

61 B.R. at 458.

On August 1, 1987, the most recent amendments to the Bankruptcy Rules of Procedure were adopted and became effective pursuant to 28 U.S.C. § 2075. Pursuant to the order of the Supreme Court, the 1987 Amendments to the Bankruptcy Rules govern all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending. *Amendments to the Rules of Bankruptcy Procedure, 107 S.Ct. CX, CXXXIII–IV (May 1987) (effective August 1, 1987) ("1987 Amendments").* Bankr.R. 9027(a) was amended to read as follows (with deleted portions in parenthesis and additions underlined):

(1) WHERE FILED; FORM AND CONTENT. An application for removal shall be filed (in the bankruptcy court) *with the clerk* for the district and divi-sion within which is located the state or federal court where the civil action is pending. The application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.

(2) TIME FOR FILING; CIVIL ACTION INITIATED BEFORE COMMENCEMENT OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed (in the bankruptcy court) only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

(3) TIME FOR FILING; CIVIL ACTION INITIATED AFTER COMMENCEMENT OF THE CASE UNDER THE CODE. If a case under the Code is pending when a claim or cause of action is asserted in (a) *another* court (other than a bankruptcy court), an application for removal may be filed (in the bankruptcy court) *with the clerk* only after the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleadings setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons. (Emphasis added; parenthetical statements reflect portions deleted in newest edition of Rule).

Obviously, since Bankr.R. 9027 (1987 Amendments) has not been abrogated in the amendment process it remains as a rule of procedure for removal under 28 U.S.C. § 1452.

While the advisory committee notes are silent [4] on the changes to Bankr.R. 9027(a),

---

4. This court notes that a possible conflict exists

between the holding herein and the advisory

it is clear that the deletion of reference to the bankruptcy court, making the application for removal appropriately filed in the district court, is merely evidence of the drafter's intent to bring Bankr.R. 9027 (1987 Amendments) in line with § 1452 and *Marathon* and not to effect any substantive change. Further, Bankr.R. 9027(f) has been amended to provide that if there has been a referral pursuant to 28 U.S.C. § 157(a), the bankruptcy judge will preside over the removed civil action. In addition, inasmuch as Bankr.R. 9001(3) (1987 Amendments) defines the clerk to mean bankruptcy clerk, if one has been appointed, the application is still filed in the bankruptcy court. Finally, the Supreme Court also amended Bankr.R. 9006. Bankr.R. 9006(b)(2) and (b)(3) outlined the bankruptcy judge's limitations on enlarging various time periods under the Bankruptcy Rules. The 1987 Amendments to Bankr.R. 9006(b)(2) and (b)(3) make no mention of Bankr.R. 9027. Therefore, when Bankr.R. 9027 (1987 Amendments) is read in conjunction with Bankr.R. 9006(b)(2) and (b)(3) (1987 Amendments), the general referral provisions of 28 U.S.C. § 157(a) and General Order No. 312–D of the United States District Court, Southern District of California, it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr.R. 9027(a)(3) beyond the thirty day period, pursuant to Bankr.R. 9006(b)(1).

 However, even though this court finds that it may enlarge the Bankr.R. 9027 period for filing a removal action pursuant to Bankr.R. 9006(b)(1), the court is convinced that abstaining from hearing the underlying matter is still appropriate. Section 1334(c)(1) authorizes this court to act in the absence of a motion by a party in interest. *Matter of Dart & Bogue Co., Inc.*, 52 B.R. 594 (Bankr.D.Conn.1985). Therefore, abstention may be raised by the

court *sua sponte.* *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 2864 n. 10, 49 L.Ed.2d 844 (1976); *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 563 (2d Cir.1978).

This court has previously held that abstention is appropriate in the underlying proceeding herein. *In re World Financial Services Center, Inc.*, 64 B.R. 980 (Bankr. S.D.Cal.1986). The cross-complaint filed against the trustee does not change the nucleus of operative facts or applicable law. The cross-complaint does add new matters for consideration by the state court. However, judicial economy and the interest of this court in timely and economical adjudication dictate that the cause of action only be heard once. Therefore, since the resolution of this case involves interpretation of state law, in the interests of justice and in the interest of comity this court reaffirms its decision to abstain from hearing this matter.

## CONCLUSION

Pursuant to Bankr.R. 9006(b), this court has the discretion to extend the filing period for an application for removal upon motion made after the expiration of the period prescribed in Bankr.R. 9027(a)(3), when the failure to act was the result of excusable neglect.

However, this court, for the reasons stated above, abstains from hearing this matter in the interests of justice and comity.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the Bank is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.

---

committee note to the 1983 Amendments. The advisory committee note states in pertinent part that "subdivisions (a)(2) and (a)(3) are derived from paragraphs one and two of 28 U.S.C. § 1446(b). Timely exercise of the right to remove is as important in bankruptcy cases as in remand from a state court to a district court." However, the combination of the Supreme Court's affirmative act of amending both Bankr.

R. 9027 and Bankr.R. 9006 persuades this court that the clear import of the Bankruptcy Rules must prevail over this 1983 advisory committee note. A ruling to the contrary would require this court to conclude that the Supreme Court overlooked this conflict. Such a conclusion is far too bold when a plain reading of the Rules is so clear on its face with regards to the Supreme Court's intent.