### In re OWEN–JOHNSON, a California general partnership, Debtor.

### Bankruptcy No. 89–9454–H11.

United States Bankruptcy Court,
S.D. California.

June 7, 1990.

Procopio, Cory, Hargreaves & Savitch, San Diego, Cal., for debtor.

Sullivan, Delafield, McDonald, Allen & Middendorf, San Diego, Cal., for Israni.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether this court may "abstain" from determining the threshold question of the existence of a contract in connection with a motion to reject an executory contract, where there is a pending state court action, set for trial, which shall determine the existence of a contract.[1]

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

Debtor Owen–Johnson ("OJ") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on December 6, 1989. The instant parties however had been engaged in litigation in state court prior to the filing of the bankruptcy petition.

On or about October 28, 1988, OJ and Ashok Israni ("Israni") entered into an Option Agreement Re: Real Property. Pursuant to the terms of the agreement, OJ granted to Israni an option to purchase certain real property of the estate consisting of approximately 15 acres of undeveloped real property located at 3361 Linda Vista Drive, San Marcos, California.

Israni purchased two extensions of the option period pursuant to the option agreement and on or about January 13, 1989, Israni exercised his option to purchase the subject property. Israni opened escrow as required by the option agreement, however the escrow was canceled on or about March 29, 1989.[2]

On April 12, 1989, Israni filed a Complaint for Specific Performance, Breach of Contract, Intentional Misrepresentation, Negligent Misrepresentation, Conversion, Rescission and Restitution in Superior Court of the State of California for the County of San Diego. On April 13, 1989, Israni recorded a Notice of Pending Action ("lis pendens"), with the office of the County Recorder of San Diego County. Thereafter, on or about June 14, 1989, OJ filed its answer and cross-complaint in the state

---

1. Should the court abstain from the threshold question, it would retain jurisdiction to determine whether the contract is executory and whether the debtor may reject the contract, in the event that the state court determines that a contract does indeed exist.

2. The events unfolding subsequent to the exercise of the option to purchase are the subject of the pending state court litigation and this court shall refrain from making any type of factual finding on the merits of that litigation.

court action.[3]

On or about July 17, 1989, OJ filed its motion to expunge lis pendens or, in the alternative, its motion to post an undertaking.

After the hearing on OJ's motion, the superior court issued its order, which in pertinent part, denied OJ's expungement of lis pendens conditioned on Israni posting a bond in the amount of $300,000 within fourteen days of the date of the order.

Israni timely filed his undertaking which rested the sufficiency of his undertaking upon certain personal sureties. OJ objected to the sufficiency of Israni's bond or undertaking and filed its motion objecting to sufficiency of bond or undertaking on October 6, 1989. This court was advised that the motion was denied.

OJ's Chapter 11 proceeding subsequently followed on December 6, 1989, and on January 10, 1990, OJ filed its motion to reject executory contract with this court, which was joined by Vance Johnson, Inc., Vance and Lucy Johnson, RKO Construction, Inc., and R. Kenneth Owen, the debtor's general partners. The debtor sought to reject the alleged real property purchase contract between the debtor and Israni pursuant to 11 U.S.C. § 365.

The debtor's motion came on for hearing on February 8, 1990, at which time this court denied the motion without prejudice. Further, this court abstained from hearing the removed adversary proceeding, and remanded the adversary proceeding to the San Diego Superior Court. The automatic stay was also modified *sua sponte*, to permit the parties and the San Diego Superior Court to take all actions reasonably necessary to continue prosecution of the state court action. A trial in the state court action has been calendared for August 28, 1990.

On March 12, 1990, debtor filed its motion *for reconsideration of order denying motion to reject executory contract* pursuant to Federal Rules of Civil Procedure 52, 59 *and* 60 *as made applicable through*

Bankruptcy Rules 7052, 9023 and 9024. Vance Johnson, Inc., Vance and Lucy Johnson, RKO Construction, Inc., and R. Kenneth Owen subsequently joined in the motion for reconsideration. The motion for reconsideration was brought on the grounds that: 1) the question of whether or not an executory contract exists between the debtor and Israni is a question of federal law which must be determined by the bankruptcy court; 2) OJ's motion to reject executory contract is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) which must be heard by the bankruptcy court; 3) the bankruptcy court's *sua sponte* order of abstention from hearing the adversary proceeding does not relieve the bankruptcy court from deciding the merits of a motion to reject executory contract; and 4) contrary to the bankruptcy court's conclusions, the debtor and its estate will be substantially prejudiced by the court's refusal to hear and decide the debtor's motion to reject executory contract.

## DISCUSSION

Debtor argues that it is undisputed in the Ninth Circuit that the question of whether a contract is executory is a question of federal law. Debtor further argues that the question of whether a contract has been validly terminated is implicit in the basic question of whether a contract is executory, and that this court's refusal to determine this issue totally ignores and potentially avoids in its entirety the debtor's rights concerning executory contracts and is an abuse of this court's discretion and Ninth Circuit mandate.

It is clear from the pleadings filed in support of the motion for reconsideration that debtor continues to confuse the threshold issue of whether a contract exists with the issue of whether the contract is executory. This court's decision to refer the matter to state court was not for purposes of deciding the executory contract issue, but only for determining the threshold issue of the existence of a contract. At

---

**3.** The state court action was removed to this court on December 7, 1989 pursuant to OJ's application for removal. On March 28, 1990, and after district court review, an order was entered remanding the adversary proceeding to state court.

the hearing on the motion to reject, this court made numerous references to what it determined to be the threshold issue:

> The first principal issue, again, is there a contract? I'm saying that that is—that issue should be decided in state court. Reporter's Transcript of Proceedings p. 7:21–23.
>
> Well, we're skipping again the threshold issue: was there or was there not a contract? Transcript p. 12:20–21.
>
> We're dealing with the question of whether there is a contract, not whether it's executory or not. Is there a contract? Transcript p. 28:15–17.
>
> This court's thinking is that first of all we should establish whether or not there was a contract, particularly where we have a dispute in the state court and the subject of ongoing litigation. Transcript p. 29:8–11.
>
> I'm convinced, number one, that the threshold question as to whether there is a contract or whether the contract terminated way back in March when the debtor canceled the escrow should be determined in state court; and that'll be the ruling of the court. Transcript p. 31:20–25.

It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist. *In re Texscan Corporation*, 107 B.R. 227 (9th Cir. BAP 1989) The debtor argues that this court *must* determine whether a contract sought to be rejected under § 365 is executory, and that implicit in that determination is the question of whether a contract has been validly terminated.

The issue of whether a contract is executory, and whether it may be assumed or rejected by the debtor, is a matter of bankruptcy law over which the state court has no power to rule. However, this court can find no compelling reason why the issue of the existence of a contract, which requires the application of state law, cannot be determined in state court, particularly where the state court action on that issue is pending and set for trial in August 1990.

As pointed out by this court in *In re World Financial Services Center, Inc.*, 64 B.R. 980, 988 (Bankr. S.D. Cal 1986), the Bankruptcy Code provides three statutory bases for abstention. First, 11 U.S.C. § 305(a) provides that the court may suspend all proceedings in a case, at any time, if the interests of creditors and the debtor would be better served by such suspension. Second, 28 U.S.C. § 1334(c)(1) provides that the court may in the interest of justice, or in the interest of comity with State courts or respect for State law, abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Third, 28 U.S.C. § 1334(c)(2) provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Abstention by a bankruptcy court from exercising jurisdiction under 11 U.S.C. § 305(a) is with regard to the entire case, while under 28 U.S.C. § 1334(c)(1), the court may, in the interest of justice, abstain from hearing "a *particular proceeding* arising under title 11 or arising in or related to a case under title 11." (emphasis added) 2 *Collier on Bankruptcy*, ¶ 305.01, p. 305–2 (15th ed. 1989).

This court seeks only to abstain from determining the threshold issue of the existence of a contract in connection with a motion to reject an executory contract. The court may exercise its discretion to abstain from hearing a proceeding where "judicial economy and the interest of this court in timely and economical adjudication dictate that the cause of action only be heard once". *In re World Financial Services Center, Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal.1987). Other factors to be considered in the decision to abstain are whether the resolution of the case involves interpretation of state law, and whether interests of justice and comity prevail. *Id.* at 39.

This court will exercise its discretion and abstain from determining the threshold issue of the existence of a contract for the following reasons: It is apparent to this court, and the parties, that the issue of the existence of a contract is founded solely on the application and interpretation of California state law. Further, there is a pending state court action which is set for trial on August 28, 1990. The state court has already had a number of hearings regarding the merits of the underlying litigation in connection with the lis pendens motions, and has had an opportunity to become familiar with the factual and legal background of the suit. Discovery is or should have been ongoing. It would be a waste of judicial resources to require a new court to become intimately familiar with the merits of the specific performance action, especially where the underlying claim is based on state law. The matter is likely to be resolved in state court prior to the time it could be heard in this court. The matter would be considered a contested matter in this court requiring a discovery schedule, and a number of hearing days. Its possible that no dates would be available in this court until at or after the time of the state court trial. Rather than hinder the debtor's reorganization process, by abstaining, this court believes that this process will be facilitated by an earlier state court determination of the threshold issue.

## CONCLUSION

This court shall exercise its discretion and abstain from determining the threshold issue of the existence of a contract in connection with a motion to reject an alleged executory contract. If, after trial, the superior court finds that a contract exists between the parties, this court will hear the debtor's motion to reject the contract.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.