### In re OWEN–JOHNSON, a California general partnership, Debtor.

### Bankruptcy No. 89–09454–H11.

United States Bankruptcy Court, S.D. California.

Aug. 29, 1990.

---

**5.** Rule 37 is drafted to distinguish monetary "sanctions" from "expense awards." *Compare* Fed.R.Civ.P. 37(b)(2) *with* Fed.R.Civ.P. 37(a)(2).

Procopio, Cory, Hargreaves & Savitch, San Diego, Cal., for debtor.

Sullivan, Delafield, McDonald & Middendorf, San Diego, Cal., for Israni.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether this court should approve the debtor's motion to sell real property free and clear of a lis pendens pursuant to 11 U.S.C. § 363(f)(4).

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

## FACTS

Owen–Johnson, a California general partnership ("debtor"), filed its voluntary petition for relief under Chapter 11 on December 6, 1989.

Debtor's Statement of Financial Affairs disclosed that the debtor is engaged in the business of "Real Estate Investment." The debtor's primary asset consists of 15 + acres of undeveloped real property located in San Marcos, California. The debtor valued the real property at an estimated $2,000,000. Secured claims against the estate amount to $782,545.37. The debtor also scheduled $320,196.27 in unsecured claims for total liabilities of $1,112,043.04.

Prior to filing its Chapter 11 petition, the partnership opened escrow for the sale of the San Marcos property for the sum of $1,610,000 on terms to Ashok Israni ("Israni"), pursuant to an option agreement executed by the parties in October 1988.

On or about March 29, 1989, the debtor canceled the escrow alleging that Israni had failed to deposit consideration in the escrow on a timely basis.

On April 13, 1989, Israni filed a lawsuit for specific performance in a California Superior Court and recorded a lis pendens on the real property. Trial is set in the specific performance action for August 28, 1990. The debtor asserts that as a consequence of Israni's recordation of his lis pendens on the real property, it was unable to market, sell or refinance the real property.

When the partnership filed its Chapter 11 petition on December 6, 1989, it owed approximately $400,000 to the Bank of Southern California ("Bank") on a promissory note secured by a first deed of trust on the real property which had become all due and payable. The partnership had also missed a quarterly payment of $3,500 to secured creditor Delores Delgado ("Delgado"), the holder of a note secured by a second deed of trust on the real property.

The unrebutted evidence in the case files, of which this court takes judicial notice, reveals that the debtor acquired title to its real property in 1986 for $525,000. The purchase of the real property required minimal cash down. The partnership purchased the property subject to a first trust deed in favor of the Bank in the amount of $375,000 and took back a second deed of trust in favor of the seller (Delgado) in the amount of $142,500. Total monthly payments required to service the debt secured by the real property were $5,800 a month; consisting of a payment of approximately $4,600 a month to the Bank, and $1,200 per month, payable $3,562.50 per quarter, to Delgado. The debtor's balance sheet showed negative capital accounts for each general partner.

On January 10, 1990, the debtor filed a motion to reject its option agreement with Israni pursuant to 11 U.S.C. § 365. This court denied the debtor's motion, and further abstained and remanded the California Superior Court specific performance action which the debtor had removed to the bankruptcy court. In abstaining, this court ruled that the threshold question as to the existence or non-existence of a contract

between the debtor and Israni should be determined by the California Superior Court. *In re Owen–Johnson*, 115 B.R. 254 (Bankr.S.D.Cal.1990).

On April 17, 1990, the debtor accepted an offer to purchase its real property from Sunway, Inc. ("Sunway") for the sum of $2,250,000 in cash.

On June 1, 1990, this court heard the debtor's motion for an order approving the sale of its property to Sunway free and clear of Israni's lis pendens and a $8,361.49 mechanic's lien in favor of Masson & Associates, Inc. ("Masson"). The debtor argues that Israni's lis pendens and Masson's mechanic's lien are in bona fide dispute and that the overbid procedure and sequestration of funds pursuant to § 363(f)(4) adequately protect both interests.

## DISCUSSION

As a preliminary matter, it is clear from the record that the debtor did not initiate this Chapter 11 proceeding solely to expunge the Israni lis pendens and to avoid performance under the Option–Agreement. As stated previously, the debtor was in default under both notes secured by the debtor's property.

Although the debtor now has presented this court with a specific offer of purchase for its property, given the history of this case, this court concludes that the debtor is merely trying to accomplish through a motion to sell its property free and clear of the Israni lis pendens what it was unable to accomplish by way of its earlier motion to reject the Israni executory contract.

This court, like the courts described in Michael T. Andrew's *Executory Contracts and Bankruptcy: Understanding Rejection*, 59 U.Colo.Law Rev. 845, 913, has experienced a deep uneasiness with the rule which allows debtors to reject executory contracts or avoid lis pendens liens in cases like this one involving real property sales or option contracts.

Although this court has previously disposed of the debtor's motion to reject its executory contract with Israni, a brief discussion of the court's policy considerations in denying the debtor's attempt at rejection is relevant here.

This court, too, as the court in *In re Aslan*, 65 B.R. 826 (Bankr.C.D.Cal.1986) has trouble with the concepts expressed in the Ninth Circuit decision of *In re Alexander*, 670 F.2d 885 (9th Cir.1982) holding that a deposit receipt agreement for the sale of real property is an executory contract where the seller has not conveyed title or surrendered possession, and the buyer, despite a tender of performance, has not paid the remainder of the purchase price. This court concurs with the rationale of *In re Pribonic*, 70 B.R. 596, 599–605 (Bankr.W.D.Pa.1987), which concluded that such a sale agreement of this type did not remain executory since the seller/debtor had no material performance remaining, because the only remaining act to be performed was the "ministerial" act of transferring the title. *In re Alexander*, however is the law of this Circuit.

It is clear that the debtor first attempted to utilize the provisions of § 365 and now has attempted to use the provisions of § 363(f) as expeditious title clearing devices in order to avoid its pending confrontation with Israni in the California Superior Court specific performance action.

The evidence is unrebutted that the consummation of the Israni Option Agreement will result in proceeds sufficient to pay all the creditors of this estate in full, plus leave the estate with a surplus. The declaration of John Harvey, a partner of Israni, filed with this court on January 25, 1990, with the debtor's motion to reject executory contract, indicates that Israni has obtained a participating construction loan in the amount of $8,490,000 and that Israni and Harvey can pay the $1,610,000 purchase price in cash at the close of escrow. All the debtor has to do is now simply allow the escrow to close.

The rationale in cases where courts have refused to authorize rejection of executory contracts likewise applies to the debtor's motion to sell free and clear of liens where the party whose contract or lien is being avoided would be damaged disproportionately to any benefit derived by the general

creditors of the estate. *In re Chi–Feng Huang,* 23 B.R. 798 (9th Cir.BAP 1982); *In re Meehan,* 59 B.R. 380 (E.D.N.Y.1986). The benefit to the general secured and unsecured creditors of this estate is the same no matter which agreement the debtor accepts. If either the Israni or the Sunway agreement is honored, all of the creditors of the estate are paid in full.

Further, there is the strong likelihood that the unsecured claims against the estate will be substantially increased if this court allows the debtor's sale free and clear of the Israni lis pendens. If it is ultimately determined that Israni did not breach the option contract and has a valid right to specific performance, then Israni would have a claim against the estate for damages, presumably including any appreciation in the value of the property and lost profits. *In re Chi–Feng Huang,* 23 B.R. 798 (9th Cir.BAP 1982). The declaration of John Harvey, as Israni's partner in the project, indicates damages may be as high as $2,227,995, including $400,000 in loss of value as of the date of rejection, as well as $1,716,969 in lost profits. Likewise, administrative expenses and delay will correspondingly increase while the debtor and Israni attempt to liquidate the Israni claim before this court.

In this case, debtor's two general partners clearly prefer the Sunway sale because it will result in substantially more money to them from their highly leveraged purchase of the real property.

Careful scrutiny has always been and should continue to be given to cases involving the real property vendor in bankruptcy. Where the debtor attempts to utilize either § 365 to reject a real property purchase agreement which has not closed escrow, or attempts to utilize § 363(f)(4) to sell real property free and clear of a vendee's lis pendens, failure to closely examine such a scenario could easily result in the development of either or both motions as federal title clearing procedures in bankruptcy courts.

### CONCLUSION

Accordingly, this court concludes that the sale is not in the best interest of the estate since it places the unsecured creditors at risk in receiving the full amount of their claims and will result in further delay of the administration of this estate.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Israni is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.