This timely appeal arises from a judgment of the Mahoning County Court of Common Pleas whereby the trial court overruled the parties' Civ.R. 53 (E) objections and adopted a magistrate's decision entering final judgment in favor of Appellee. For the following reasons, this Court affirms the judgment of the trial court.
Appellant, Vincent Martini, was involved in a romantic relationship with Appellee, Cindy McCon. The relationship began in the middle of 1989 and the parties started living together sometime in October, 1990. (Tr. pp. 12-14). For the next three years of cohabitation, the parties acquired a substantial amount of personal property. The relationship eventually soured and on May 1, 1993, Appellant moved out. (Tr. p. 25). On May 26, 1993, while Appellee was at work, Appellant returned and removed most of the personal property from the premises. (Tr. pp. 28-29)
Appellee, after making numerous unsuccessful demands for the return of her property, filed suit alleging conversion in the Mahoning County Court of Common Pleas on May 23, 1994. (Tr. p. 30-31; Complaint). Appellant answered the complaint and filed a counterclaim also alleging conversion of items still in Appellee's possession as well as a claim alleging unauthorized use of a credit card. (Answer and Counterclaim). On July 19, 1994, Appellee filed a Chapter 7 Petition in the United States Bankruptcy Court for the Northern District of Ohio. (Voluntary Petition, Form 1). In her bankruptcy petition, Appellee failed to list her pending lawsuit against Appellant in the Chapter 7 schedule of assets and liabilities. (Tr. p. 77). Appellant later commenced an adversary proceeding against Appellee in the bankruptcy court to challenge the dischargeability of his state court counterclaim against Appellee. (Nov. 22, 1995, Bankruptcy Court Order).
On January 30, 1995, Appellee's conversion action was removed from the active docket as a result of the automatic stay accompanying a bankruptcy petition. (Jan. 30, 1995, Judgment Entry). The record before us reveals that at some point in 1995, Appellant moved the bankruptcy court to abstain from hearing the property dispute and to allow the case to proceed in the Court of Common Pleas. (Nov. 22, 1995, Bankruptcy Court Order). On November 22, 1995, the bankruptcy court issued an order which modified the automatic stay. (Nov. 22, 1995, Bankruptcy Court Order). In essence, the bankruptcy judge agreed to allow the property dispute to proceed in the common pleas court and if it was determined that Appellant had a valid counterclaim against Appellee, the bankruptcy court would then decide if that claim was dischargeable in bankruptcy.
The civil action was assigned to a magistrate and on November 19, 1996, a trial to the court commenced. Appellant had previously filed a motion in limine arguing that the court should dismiss the case because Appellee lacked standing to prosecute the claim against Appellant. (Defendant's Motion in Limine, Nov. 7, 1995). This argument rested on the proposition that once a party files a bankruptcy petition, the bankruptcy trustee is the real party in interest. The magistrate overruled this objection at trial. (Tr. pp. 8-9). After both parties presented their case, the magistrate rendered a decision as to both parties' conversion claims. (Magistrate's Decision, Dec. 5, 1996). The magistrate's decision granted relief to Appellee in the sum of $10,150.57 and relief to Appellant on his counterclaim in the sum of $3,214.54.
Both parties timely filed Civ.R. 53 (E) objections to the magistrate's decision. Appellant's objection challenged the magistrate's previous denial of the motion in limine and argued that the magistrate's decision was against the manifest weight of the evidence while Appellee's objections spoke to the sufficiency of the judgment rendered in her favor. The trial court overruled these objections on May 2, 1997, and, after finding no error of law or fact or any other defect, adopted the magistrate's decision as its own. Judgment Entry, May 2, 1997). It is from this decision that the present appeal arises.
In his first assignment of error, Appellant argues that:
 "THE PLAINTIFF DID NOT HAVE STANDING TO BRING THIS CAUSE OF ACTION IN THE MAHONING COUNTY COURT COMMON PLEAS COURT AS THE PROPER PLAINTIFF WAS HER BANKRUPTCY TRUSTEE."
Appellant maintains that the property which is the subject of Appellee's conversion action as well as the claim itself are part of Appellee's bankruptcy estate and may only be pursued by the bankruptcy trustee as the real party in interest. As such, Appellant argues, Appellee had no standing to pursue the case against Appellant. Appellant suggests that the only way Appellee would have standing to pursue the claim is if the bankruptcy trustee formally "abandoned" both the property at issue as well as the conversion action from the bankruptcy estate.
We initially note the proper standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision pursuant to Civ.R. 53, our role is to determine if the trial court abused its discretion in ruling on the objections and by adopting that decision as its own. Carr v. Carr (Aug. 11, 1999), Medina App. No. 2880-M, unreported; Perrine v. Perrine
(Nov. 20, 1996), Summit App. No. C.A. 17736, unreported; see alsoL.T.M. Builders Co. v. Village of Jefferson (1980), 61 Ohio St.2d 91,94. An abuse of discretion implies an attitude that is, "unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157.
The bankruptcy court is empowered by several statutory provisions to allow it to refrain from hearing portions of cases or entire cases when there are compelling reasons for it to do so. One of those provisions is 28 U.S.C. § 1334 (C) (1) which provides that the court may, in the interest of justice and judicial economy, abstain from hearing, "a particular proceeding arising under title 11 or arising in or relating to a case under title 11." See In re Owen-Johnson (1990), 115 B.R. 254, 257. This is also referred to as the abstention principle and is commonly invoked by a bankruptcy court when the resolution of the case before it involves interpretation of state law or when the disposition of a pending state claim will help narrow the issues before it. Id. Abstention by the bankruptcy court may also be appropriate when judicial economy and the interests of justice and comity prevail. In re World Financial Services Center, Inc. (1987), 81 B.R. 33, 39.
Contrary to Appellant's lengthy argument concerning standing and abandonment, the bankruptcy court abstained from the threshold issue concerning the ownership of the property in dispute. In fact, it was Appellant who moved the bankruptcy court to so abstain. The November 22, 1995 order states in pertinent part:
 "The subject matter of this action, the ownership of certain real and personal property, is now pending before the Court of Common Pleas for Mahoning County, Ohio, the Honorable Charles J. Bannon presiding . . . It appears that civil proceeding [sic] in the state court involves the identical issues sought in part to be litigated here. [Appellant] has moved the Court to abstain from hearing the ownership aspects of this cause.
 "In the interests of comity and respect for independent state court jurisdiction, the Court hereby abstains from hearing this cause as it pertains to the claims of ownership of certain real or personal property and grants a modification of the automatic stay to permit the parties to proceed with Civil Action No. 94-CV-1312 before Judge Bannon in the Court of Common Pleas for Mahoning County, Ohio. If as a result of that action it is determined that [Appellant] has a claim against [Appellee], this Court will proceed to consider the dischargeability of that claim upon the request of a party in interest. All pending proceedings in this adversary action shall be stayed pending resolution of the action in the Court of Common Pleas."
It is evident from this order that the bankruptcy court was interested in securing a resolution of Appellant's counterclaim prior to determining the effect of Appellee's bankruptcy petition on that counterclaim. It is equally evident that the bankruptcy court desired to have Appellee's legal interest in the disputed property resolved in order to determine the extent of the bankruptcy estate that would be administered by the trustee. This scenario is precisely what the abstention principle speaks to.
Although Appellant maintains that Appellee no longer had standing to pursue her own claim, the law is clear that the bankruptcy court can order the trustee or can authorize the debtor to pursue any relevant claims. Dallas Cabana, Inc. v.Hyatt Corp. (C.A.5 1971), 941 F.2d 865, 868. (Emphasis added).See also Baker v. Data Dynamics (D.C.N.C. 1983), 561 F. Supp. 1161
(holding that generally a debtor in bankruptcy may not bring suit unless authorized by the bankruptcy court). Appellant's argument that this order only pertains to his counterclaim is directly contradicted by the express words of the order when the bankruptcy court granted a modification of the automatic stay to, ". . . permit the parties to proceed . . . (emphasis added).
The trial court correctly found that the magistrate committed no error of law in overruling Appellant's motion in limine and this Court finds that the trial court did not abuse its discretion by overruling Appellant's Civ.R. 53 (E) objections on this basis and adopting the magistrate's decision as its own. Finding no merit in Appellant's argument, the first assignment of error is overruled.
For his second assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION SINCE THAT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The law in Ohio is well settled that when there is competent, credible evidence existing which goes to all of the material elements of the case, a court of appeals must not reverse a judgment as being against the manifest weight of the evidence.Central Motors Corp. v. City of Pepper Pike (1995), 73 Ohio St.3d 581,584. If the evidence is susceptible to more than one interpretation, we must give it the interpretation consistent with the trial court's judgment. Id. Our interpretation of the evidence is irrelevant if the trial court's judgment is supported by competent, credible evidence. Pacific v. Interstate Ford,Inc., (May 17, 1996), Montgomery App. No. 15427.
Appellant argues that in this case there is simply no competent or credible evidence to support the magistrate's decision or the trial court's adoption of that decision. In support of this argument, Appellant points to several specific instances reflected in the transcript which he maintains demonstrates "ample evidence of perjury" committed by Appellee. This perjury, Appellant argues, demonstrates that the judgment below was against the manifest weight of the evidence.
Appellant suggests that Appellee perjured herself by not disclosing the instant case on her bankruptcy petition, by testifying that she made "very good money" when she reported only making $7,705.00 for 1992 and by offering into evidence a receipt for an item that Appellee maintains came from a store that never carried the product reflected in that receipt.
As a preliminary matter, our review of the record before us fails to disclose any instance of perjury committed by Appellee. Indeed, the areas of the transcript to which Appellant cites do not even demonstrate a successful impeachment of Appellee during cross examination by Appellant's counsel.
While it is true that Appellee failed to disclose the Thstant case in the schedule of assets and liabilities incorporated within her bankruptcy petition, there was no evidence of an intent to deceive or mislead the court. The record is clear that the bankruptcy court was aware of the case as it abstained from deciding the issues involved within it, instead allowing the matter to proceed in the state court. As the magistrate properly noted, the nondisclosure of the pending case on Appellee's bankruptcy petition was only one factor for him to consider when weighing the credibility of her testimony. (Tr. Magistrate's Decision, p. 3).
Appellee did testify that she made "very good money" when in fact she only reported income of $7,705.00 in her bankruptcy petition. (Tr. pp. 17, 72-74, 80). What one person describes as "very good money" may be drastically different from another's description. Appellee testified that she had been receiving other funds from worker's compensation and that her loan payments for her vehicle were being paid from other sources. (Tr. pp. 15, 16, 74). While there may be differences surrounding the interpretation of what constitutes "very good money", this is a far cry from perjury.
In support of her conversion claim, Appellee introduced into evidence a receipt for a sectional couch purportedly purchased at Sheely's Furniture. While the receipt is not a part of the record before us, the transcript reflects that it was described as either a "Barc" or a "Barca" product. (Tr. p. 200). Appellant first attempted to impeach Appellee by arguing that he had a letter from Mr. Sheely stating that the number on the receipt offered by Appellee had never been used at Sheely's Furniture. (Tr. pp. 92-93). This attempt failed when it was shown that the number on the receipt and the number referred to in the letter were not the same. (Tr. p. 93). Appellant next called Mr. Sheely as a witness. He testified that his store had never carried Barc or Barca loungers. (Tr. p. 200). The record does not reflect that Appellee ever testified that she purchased a Barc or a Barca lounger. Appellee referred to the piece of furniture as a "sectional couch." (Tr. pp. 55-56). The testimony of Appellee and Mr. Sheely are not contradictory and there was no evidence presented to support an allegation that Appellee forged the receipt.
While Appellant has failed to substantiate his claim of perjury, he is successful in demonstrating that there are conflicting interpretations of the evidence and conflicts between the parties' testimony. These conflicts merely raise an issue of credibility which was properly resolved by the trier of fact.State v. Warren (1995), 106 Ohio App.3d 753, 760. This is so because the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections and to use such observations in weighing the credibility of the testimony. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79.
Appellee's complaint listed forty-two items alleged to have been converted by Appellant. (Complaint). At trial, Appellee presented a substantial amount of documentary evidence including receipts, cancelled checks, charge account statements, contracts, order forms and appraisals for twenty-four of those items. (Tr. pp. 4, 6). Appellee supplemented this evidence with oral testimony regarding the rest of the property alleged to have been converted by Appellant. (Tr. pp. 31-72).
There was competent and credible evidence to support the findings of the magistrate and the trial court did not abuse its discretion by adopting that decision as its own. As such, Appellant's second assignment of error is overruled.
For all of the foregoing reasons, this Court finds no merit in Appellant's assignments of error. Accordingly, the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Cox, P.J., concurs.
APPROVED:
 __________________________________ CHERYL J. WAITE, JUDGE