Steven L. WOMACK, Petitioner,

v.

U.S. BANKRUPTCY TRUSTEE; Pulaski County Office Of Child Support Enforcement and Attorney Dara Hall, Respondents.

No. 4:02CV00579GH.

United States District Court,
E.D. Arkansas,
Western Division.

Aug. 6, 2004.

Ralph Washington, Esq., Attorney At Law, Shelia F. Campbell, Esq., Attorney At Law, Little Rock, AR, for Plaintiff.

Steven L. Womack, Little Rock, AR, pro se.

Charles W. Tucker, Esq., U.S. Trustee's Office, Little Rock, AR, for Defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, JR., District Judge.

Petitioner proceeding pro se instituted this action on September 18, 2002, and sought leave to proceed in forma pauperis which was granted. Petitioner's action, which is captioned "NOTICE OF REMOVAL WITH STAY REMAINING INTACK," [sic] asserts:

"[P]etitioner ... moves ... for Removal his case, bankruptcy Chapter 13 case ... and ... states for his actions [:]

. . . .

2. That petitioner is a victim of Arbitrary discrimination; prosecutorial misconduct, wrongfully allowed and support by Honorable Bankruptcy Judge James G. Mixon; denial of due process; economic assassination; a victim of conduct unbecoming to the conduct of a U.S. Bankruptcy Judge And UnFair Treatment because of his Race, being black; a victim of a Major Conflict Created by The Honorable Bankruptcy Judges due to petitioner's vow to help the poorest of

the poor by way of Assisting None Attorney Actions as The Bishop Leading The Bread From Heaven Ministries World Wide, INC; And his denial of A Right to Appeal his Bankruptcy Case to the U.S. District Court."

Plaintiff seeks the following relief: " for his Bankruptcy Case to be removed from the Bankruptcy court [,] . . . . prohibit none Child Support Created due to misconduct by Repondents [,] Court costs, Legal Fees and all other unjust and proper relief with petitioner is entitled."

In substance, the Court construes Plaintiff's action as seeking declaratory relief relative to his assertion that United States Bankruptcy Judge James G. Mixon violated his civil rights while adjudicating his bankruptcy case; and that the United States Bankruptcy Trustee, the Pulaski County Office of Child Support Enforcement and Attorney Dara Hall participated in the alleged violation of his civil rights.[1]

In the Court's order of October 16, 2002, granting Plaintiff's request to proceed in forma pauperis, the United States Bankruptcy Trustee was directed to respond, within ten days of the date of the order, to the allegations raised by petitioner in his

pleading in order to assist the Court in determining whether the Court possessed jurisdiction of this action.

On February 10, 2004, Plaintiff filed his motion for default judgment asserting that respondents had not replied to his action and, specifically, the United States Bankruptcy Trustee had not responded within the ten day time frame as directed by the Court.

On March 22, 2004, the United States Trustee for the Eastern District of Arkansas, by the Assistant United States Trustee, filed his Response to the Court's Order of October 16, 2002, alleging, among other things, the following:

1. To respondent's knowledge, the U.S. Attorney for the Eastern District of Arkansas, nor any office of the United States Trustee was ever served with a summons in this case . . . .

2. . . . . [T]he plaintiff is attempting to use removal as a device to renew his appeal of a bankruptcy court order after the appeal had been dismissed due to defects in perfecting his appeal. The order dismissing the plaintiff's appeal was entered by the bankruptcy court on June 24, 2002.[2]

---

1. The certificate of service executed by Plaintiff, which was attached to his pleading, states that a "copy" of his "notice of Removal" was served on "U.S. Bankruptcy Trustee, Dara Hall and Pulaski County Office of Child Support Enforcement by hand delivery on September 18, 2002." The record does not reflect that a summons was obtained and served on anyone identified as a respondent in Plaintiff's action. In addition, there is no indication that a copy of the pleading was filed with the Clerk of the Bankruptcy Court. Significantly, Judge Mixon was not designated as a respondent in this action and was not served with a copy of Plaintiff's pleading.

2. The record reflects that Plaintiff filed an incomplete voluntary petition to open a Chapter 13 action on August 7, 2001; on December 20, 2001, after a series of miscellaneous

activities involving the Plaintiff, the Assistant United States Trustee and creditors, the Bankruptcy Court entered an order dismissing the action and enjoined Plaintiff from filing a new petition without prior written permission of the Bankruptcy Court. On December 24, 2001, Plaintiff filed a motion to reconsider the order dismissing his case and motion for recusal of the bankruptcy judge which was denied by the Bankruptcy Court on January 3, 2002. On January 8, 2002, Plaintiff filed a motion to reinstate the action and vacate the order dismissing his case which was denied on February 2, 2002, during a scheduled hearing for want of prosecution. On March 12, 2002, Plaintiff filed a notice of appeal and on June 24, 2002, the Bankruptcy Court entered an order dismissing the appeal. On July 2, 2002, Plaintiff filed a motion to vacate the order dismissing

On March 30, 2004, the Court entered an order appointing Ralph Washington, Esq., and Sheila Campbell, Esq., to represent Plaintiff and file a response to the Trustee's March 22, 2004, Response.

On June 4, 2004, Ralph Washington, Esq., and Sheila Campbell, Esq., file a Motion to Withdraw and a brief in support of the Motion. The attorneys alleged, essentially, that they had investigated the matter and that the thrust of Plaintiff's action is that he was discriminated against and treated unfairly in his bankruptcy proceeding; that assuming Plaintiff's allegations are true, Plaintiff's "legal position is non-meritorious." The attorneys further asserted the following:

> The Defendants have judicial immunity when performing their duties. Any harm that may be caused as a result of their official duties is not subject to a claim for damages or injunctive relief.

The attorneys requested permission to withdraw as counsel for Plaintiff given the circumstances asserted by the attorneys.

## DISCUSSION

After reviewing the Docket Text of Plaintiff's action in the Bankruptcy Court and the record in this matter, the Court finds that Plaintiff's action, while designated as "Notice Of Removal" is, in essence, an attempt to appeal from the order of the Bankruptcy Court of December 20, 2001, dismissing Plaintiff's Chapter 13 action as well as subsequent pleadings filed by

Plaintiff asking the Bankruptcy Court to reconsider the decision.

An appeal from a judgment or order of a bankruptcy judge to a United States District Court must be instituted by filing a notice of appeal with the Bankruptcy Court clerk within 10 days of the date of the entry of the judgment or order appealed from. See: Bankruptcy Rules 8001(a) and 8002(a).

 Plaintiff instituted this action on September 18, 2002, by filing his pleading with the Clerk of this Court eight months and eighteen days after the order was entered dismissing his Chapter 13 action, and two months and forty-nine days after the Bankruptcy Court dismissed his appeal on June 24, 2002. Plaintiff's appeal not only was untimely, but was not filed with the Bankruptcy Court Clerk. The Court finds that it does not have jurisdiction of the subject matter of this action.[3]

Inasmuch as the Court has not dealt with the substantive assertions set forth in Plaintiff's pleading, there is no need to address the judicial immunity matter raised by appointed counsel in their Motion To Withdraw. Counsel are discharged as counsel for Plaintiff.

Accordingly, Plaintiff's action is dismissed with prejudice.

his appeal which was denied on July 8, 2002. On July 22, 2002, Plaintiff filed a motion to reconsider the dismissal of his appeal which was denied on July 23, 2002. On August 13, 2002, Plaintiff filed a motion to vacate any and all orders of the bankruptcy court related to Plaintiff's desire to perfect an appeal and on September 20, 2002, the bankruptcy court denied the motion for want of prosecution during a scheduled hearing.

**3.** The Court notes that it would not have subject matter jurisdiction of this action even if this action was considered a petition for removal of the bankruptcy action from the Bankruptcy Court to this Court. A party desiring to remove a proceeding from the bankruptcy court to the district court must file a timely application in the bankruptcy court. See: Bankruptcy Rule 9027. See also: *Raff v. Gordon,* 58 B.R. 988 (E.D.Pa.1986). Plaintiff did not file any pleading with the Bankruptcy Court regarding this action.